IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT WOODS, JR., as | § | |
| Guardian of Billie Sharlene Woods, | § | |
| an alleged incapacitated person, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-373-S-BW |
| | § | |
| WELLS FARGO HOME | § | |
| MORTGAGE, a Division of | § | |
| Wells Fargo, N.A. | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This action should be dismissed without prejudice under Fed. R. Civ. P. 41(b) because the plaintiff in this action is not represented by counsel admitted to practice in this court and cannot proceed pro se as a legal representative of another person.

Plaintiff Robert Woods, Jr., through Attorney Colin Smith, filed this lawsuit in Probate Court No. 1 of Dallas County, Texas, on January 27, 2027. (*See* Dkt. No. 1-4 at ECF p. 2.) Defendant Wells Fargo Bank, N.A. removed the action on February 12 based on diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* Dkt. No. 1. at 3-4.)

Smith is not admitted to practice in the United States District Court for the Northern District of Texas. Therefore, on February 13, 2026, the undersigned

---

[1] This case was automatically referred to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636(b) by Special Order 3-251. (*See* Dkt. No. 2.)

ordered Smith, no later than March 5, to either become admitted to practice in this court or file a motion for admission pro hac vice.  (Dkt. No. 3.)

Smith did not take either of these actions by that deadline.  On March 6, the undersigned entered an order to show cause, explaining that when counsel fails to manifest any intent to become admitted to practice, the Court typically would consider the party to be proceeding in the case pro se.  (Dkt. No. 9.)  Here, however, Woods is not a lawyer and cannot appear pro se because he purports to be acting as the legal guardian of Billie Sharlene Woods.  The Court cannot allow him to proceed pro se to represent the interests of another person.  *See Mendheim v. AF & L Ins. Co.*, No. 3:07-CV-263-D, 2007 WL 2263929, at *2 (N.D. Tex. Aug. 8, 2007) (noting the court has "no discretion to permit [an alleged incapacitated person] to be represented by someone who is not a licensed attorney" (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)).

Noting the inability of this case to proceed without an authorized attorney, the March 6 order directed Attorney Smith to either show cause by March 13, 2026 why this action should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with orders or become admitted to practice, at least in this case.  (Dkt. No. 9 at 2.)  Alternatively, Plaintiff could cause qualified counsel to appear in this case. (*Id.*)  The order warned that failure to do any of these things would result in a recommendation that this case be dismissed.

The deadline for compliance has passed.  Smith still has not sought admission, nor has Plaintiff caused another lawyer to appear in this action.

Fed. R. Civ. P. 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a Federal Rule of Civil Procedure or a court order." *Smith v. Resurgent Capital Servs. LP, LLC*, No. 3:24-CV-197-B-BN, 2024 WL 2278210, at *1 (N.D. Tex. May 1, 2024) (internal quotation marks and brackets omitted). "This authority 'flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.'" *Id.* at *2 (quoting *Boudin v. Graystone Inc. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Plaintiff is not a lawyer and cannot represent Ms. Woods pro se. Despite admonishments from the Court, he has failed to secure legal representation by an attorney who is authorized to practice in this court. His failure to either have his lawyer become admitted or to obtain new counsel prevents this case from proceeding. Because Plaintiff will not take this basic and necessary step for the case to progress, the undersigned recommends that this action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and follow orders of the court.

**SO RECOMMENDED** on March 16, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).